**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PYRAMID PACKAGING, INC.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 4420 |
| | ) | |
| **PYRAMID PACKAGING, LLC**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This trademark action against a defendant that has adopted a name identical to that for which plaintiff has a federally registered mark has produced some troubling developments during its short life. Just about three weeks after its June 6, 2012 filing, a Syracuse, New York lawyer sought and was granted an extension of time for defendant to file a responsive pleading, and at the time of grant this Court asked counsel whether defendant had any assertedly meritorious defenses. But instead of responding to that request, the same lawyer has tendered a proposed motion and supporting memorandum seeking dismissal of the action, with the proposed presentment date of that motion set for July 20.

It is at that point that a red flag has popped up. According to defense counsel's sworn declaration that accompanied the original motion for extension, service of process on his client had been "delayed" because service had been sought to be made on another company (located in North Carolina to boot), and that company had then transmitted the papers to defendant. Now counsel has advanced that identical contention in the proposed motion to dismiss (which is mistakenly characterized as a Fed. R. Civ. P. ("Rule") 12(b)(6) motion, even though its contention is that

defendant "has not been properly joined as a party to this action."[1] But those assertions are flatly refuted by the sworn Affidavit of Process Server that plaintiff has just filed (Dkt. 17), which reflects direct service on defendant through its General Manager John Pasquariello on June 11 (just five days after suit was filed),[2] and at the very same location (604 Corporations Park, Scotia, New York 12302) that counsel's new Memorandum of Law expressly identifies as defendant's proper address.

In any event, defense counsel has certainly not made a case for a further extension of time, nor has he been responsive to this Court's inquiry about the existence of any claimed meritorious defense. All of this will be discussed at the July 20 presentment date.

                                                                           _____
                                                                           Milton I. Shadur
                                                                           Senior United States District Judge

Date: July 20, 2012.

---

[1] Defense counsel has demonstrated even more confusion in his current filing. It is labeled "<u>Plaintiffs'</u> Memorandum of Law", and its initial ground for the motion is headed "<u>Plaintiff</u> Has Not Been Properly Joined as a Party," even though in both instances the reference should of course be to "Defendant" rather than "Plaintiff." And as such, the motion itself is really advanced under Rule 12(b)(2) rather than 12(b)(6).

[2] So much for the purportedly "delayed" service.